UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROSA S. NEWTON, § | |
| § | |
| *Plaintiff,* § | |
| VS. § | CIVIL ACTION NO. 4:13-cv-00074 |
| § | |
| STATE FARM LLOYDS, et al, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

This case arises from an insurance dispute between a homeowner and her insurance company. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. section 636(c) (Dkt. 11). Now pending before this Court is Plaintiff, Rosa S. Newton's ("Newton") Motion to Remand to State Court (Dkt. 15). After considering the pleadings, the arguments of the parties, and applicable legal authorities, Plaintiff's Motion to Remand is **GRANTED**.

### I. Procedural Background

Newton's home was insured by a policy issued by Defendant State Farm. Newton submitted a claim to State Farm for damage to her home during an April 2012 storm. Subsequently, Newton sued State Farm and the insurance adjuster, Dwight Johnson, in his individual capacity in the 239th Judicial District Court of Brazoria County. (Dkt. 1). Newton's petition asserts claims for breach of contract, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA") against both Johnson and State Farm. (Dkt. 1, Ex. 3).

State Farm and Johnson then removed the lawsuit to this Court. (Dkt. 1). Newton now challenges that removal, alleging that the complete diversity required by federal jurisdiction does not exist because she and Johnson are both citizens of Texas. In his Response, Johnson asserts complete diversity does exist because he is an improperly joined defendant. Johnston argues that he was named as a defendant in this lawsuit for the sole purpose of defeating diversity and that Newton has no reasonable possibility of recovering against him individually.

## II.  Diversity Jurisdiction

The federal courts have original jurisdiction over lawsuits where the matter in controversy exceeds the sum of $75,000, and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). When such a lawsuit is initially filed in state court, defendants may seek to remove it to federal court by alleging that the required conditions of amount-in-controversy and diversity of citizenship are met. 28 U.S.C. § 1441(b). A plaintiff may then counter these jurisdictional allegations, arguing that either or both of these conditions are not satisfied. When a plaintiff contends that removal is improper because diversity of jurisdiction does not exist (i.e., that the plaintiff is a citizen of the same state as one of the named defendants), courts inquire whether that defendant was improperly joined for the express purpose of defeating diversity jurisdiction and avoiding federal court. *See, e.g., Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) ("[A] district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction.") (emphasis in original). In this case, both


Newton and Johnson are Texas citizens. State Farm and Johnson nonetheless removed this case to federal court, contending that removal was proper because Johnson was improperly joined as a defendant.

In the Fifth Circuit, the burden of persuasion on a party claiming improper joinder is a heavy one. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). Any "doubts regarding whether removal is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). To establish improper joinder of nondiverse defendants, the removing defendants must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. Johnson relies on the later prong, contending that Newton's claims against him are without merit.

In deciding whether a party was improperly joined, the court considers the state court petition at the time of removal and conducts a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 583. The test is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. Any ambiguities of state law must be resolved against federal jurisdiction, in favor of the non-removing party. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). ("In deciding whether a party was improperly joined, we resolve all contested factual issues and ambiguities of state law in favor of the plaintiff."). In conducting this

analysis, a court may, in its discretion, "pierce the pleadings" to consider summary judgment-type evidence, including affidavits and deposition testimony. *Smallwood*, 385 F.3d at 573–74. In doing so, however, the court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Further, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

The Court reviews Newton's petition under the pleading standards of Texas state courts. *See, e.g., Akerblom v. Ezra Holdings Ltd.*, No. 12–20182, 2013 WL 363112, *4 (5th Cir. Jan. 28, 2013) (analyzing state court pleadings at time of removal under Texas Rule of Civil Procedure 45); *D'Souza v. The Peerless Indemnity Ins. Co.*, H-10-4431, 2011 WL 285154, at *2 (S.D. Tex. Jan. 25, 2011) ("[W]hen state law provides a more lenient pleading standard, the state-law pleading standard, not Rule 12(b)(6) applies.").

Texas Rule of Civil Procedure 45(b) requires a "statement in plain and concise language of the plaintiff's cause of action" that gives "fair notice to the opponent . . . [of] the allegations as a whole." TEX. R. CIV. P. 45(b). Rule 47(a) mandates that a pleading must also contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). "If a pleading alone allows [the court] to ascertain with reasonable certainty the relevant elements of the cause of action asserted and the relief sought, then the pleading has provided fair notice." *Rivero v. Blue Keel*

*Funding, L.L.C.*, 127 S.W.3d 421, 424 (Tex. App.–Dallas 2004, no pet.) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)).[1]

### III. Analysis

Defendants contend this Court has jurisdiction because Johnson is an improperly-joined defendant—i.e., there is no reasonable basis to predict that Newton might recover against Johnson. Johnson asserts that Newton's petition "fails to distinguish between what conduct, if any[,] is attributable to him individually, and which is attributable to State Farm through its agents." (Dkt. 18). Johnson also argues that Newton's allegations are "nothing more than legal conclusions and simply track the statutory elements" of the Texas Insurance Code. (Dkt 18). The Court disagrees.

It is undisputed that Johnson is an insurance adjuster employed by State Farm, and under Texas law, insurance adjusters may be sued in their individual capacity. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Newton's petition alleges that Johnson was "assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." (Dkt. 1, Exhibit 3, pg. 2 ). A person may be sued individually under the Texas Insurance Code if he or she engages in the "business of

---

[1] Newton attaches documents to her Motion to Remand that she states are evidence "further establishing a factual fit between Plaintiff's allegations and her causes of action against Johnson." (Dkt. 15, pg. 15). The Fifth Circuit has cautioned that courts should go beyond the pleadings only in very limited circumstances. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005). The Court declines to pierce the pleadings in this case. *See, e.g., D'Souza*, 2011 U.S. Dist. at *2; *Almeida v. Balboa Ins. Co.*, Case No. 7:12-cv-00533 (S.D. Tex. Mar. 8, 2012)(confining remand analysis to state court petition to determine whether insurance adjuster was properly joined).

insurance"—this includes agents, brokers, or adjusters. TEX. INS. CODE § 541.002(2); *Gasch*, 491 F.3d at 283. Courts in this district have found identical allegations sufficient to plead that an adjuster engaged in the business of insurance and could therefore be named in his individual capacity in a lawsuit brought by an insured. *See, e.g., Almeida v. Balboa Ins. Co.*, Case No. 7:12-cv-00533. When courts in this district have found an insurance adjuster improperly joined and denied remand, defendants have typically provided evidence "strongly showing that recovery against the in-state adjuster would be unlikely." *D'Souza*, 2011. U.S. Dist. at *4; *see, e.g., Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, Civ. A. No. H-09-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (denying remand because in-state adjuster named as defendant was not the adjuster working claim). No such deficiencies are found in Newton's petition.. Accordingly, the Court finds that Newton's allegations are sufficient to plead that Johnson engaged in the business of insurance and may be named in his individual capacity.

Next, the Court examines whether Newton's petition provides a reasonable basis for predicting that Newton might recover against Johnson. Newton's petition globally alleges that Johnson and State Farm violated Section 541.060 of the Texas Insurance Code by "misrepresenting to [Newton] material fact or policy provision[s] relating to coverage at issue," and also violated Section 541.051 of the Texas Insurance Code by "making statements misrepresenting the terms and/or benefits of the policy." (Dkt. 1) Newton also claims that Johnson's allegedly unreasonable investigation led to the underpayment of her claim and that State Farm and Johnson performed an "outcome-

6

oriented investigation," resulting in an inequitable evaluation of Newton's losses. (Dkt. 1).

Johnson contends that these allegations are "vague" and contain only "legal conclusions." However, Johnson fails to consider the more generous pleading standards applicable here—specific factual allegations against the individual adjuster, combined with general legal allegations against all of the defendants, are sufficient to predict recovery under Texas law. *See, e.g., D'Souza*, 2011. U.S. Dist. at *4 (finding global allegations sufficient); *Leisure Life Senior Apartment Hous. II, Ltd. v. Lloyds of London*, Civ. A. No. H-09-3067, 2009 WL 3834407, at *2 (S.D. Tex. Nov. 12, 2009) (plaintiff's allegations an insurance adjuster failed to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim" and failed "to affirm or deny the claim within a reasonable time" provided a reasonable basis for recovery under Texas Insurance Code). Similarly, in *Almeida v. Balboa Insurance Company*, the court recently remanded under nearly identical facts and pleadings. *Almeida v. Balboa Ins. Co.*, Case No. 7:12-cv-00533 (S.D. Tex. McAllen Division, March 8, 2013) (J. Alvarez) (relying heavily on pleading that individual adjuster "participated in adjusting Plaintiff's insurance claim," "was assigned as an individual adjuster on the claim," and defendants "misrepresent[ed] to Plaintiffs a material fact or policy provision." Accordingly, Newton's petition sufficiently complies with Texas Rule 45 and provides the Court "a reasonable basis to predict that Newton might be able to recover" against Johnson.

## Conclusion

Based on the foregoing, the Court finds that State Farm has not met its burden of demonstrating that Johnson is a non-diverse defendant who has been improperly joined. The Court finds that it lacks jurisdiction because the parties are not completely diverse. Accordingly, the Court **GRANTS** Newton's Motion for Remand.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas on this 31st day of May, 2013.

.

*George C. Hanks Jr.*
**George C. Hanks, Jr.**
**United States Magistrate Judge**